ORIGINAL

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2010

No. 09-10115
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee

v.

RODERICK DUNSTON, also known as Pooh,

                              Defendant-Appellant

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION
2010 JUL 14  AM 11: 30
CLERK OF COURT

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-145-4

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

    Roderick Dunston was convicted by a jury of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). The district court sentenced Dunston to a mandatory life sentence.

    Dunston argues that the district court reversibly erred when it denied his pretrial motion to suppress statements he made during a custodial interrogation by DEA agents without benefit of warnings required by *Miranda v. Arizona*, 384

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case 4:07-cr-00145-Y   Document 238   Filed 07/14/10   Page 2 of 3   PageID 1556
Case: 09-10115   Document: 00511130892   Page: 2   Date Filed: 06/03/2010

No. 09-10115

U.S. 436 (1966). When reviewing a ruling on a motion to suppress, we review questions of law de novo and findings of fact for clear error, and evidence is viewed in the light most favorable to the party who prevailed in the district court. *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005). The district court's denial of the motion to suppress is subject to the harmless error rule. *See United States v. Garcia-Ruiz*, 546 F.3d 716, 718 (5th Cir. 2008). "A suspect is . . . 'in custody' for *Miranda* purposes when placed under formal arrest or when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." *United States v. Bengivenga*, 845 F.2d 593, 596 (5th Cir. 1988) (en banc). The district court determined that the circumstances did not rise to this level. Even if this were erroneous, in light of the overwhelming evidence of Dunston's guilt, any error is harmless. *See United States v. Bentley*, 875 F.2d 1114, 1117 (5th Cir. 1989).

Dunston also argues that the district court erred by allowing the introduction of evidence, *i.e.*, testimony and exhibits, of his 1999 Florida conviction for possession of cocaine with intent to sell or deliver. We review a decision to admit Federal Rule of Evidence 404(b) evidence under a heightened abuse of discretion standard, subject to a harmless error inquiry if abuse is found. *United States v. McCall*, 553 F.3d 821, 827 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 2018 (2009). Our review of the record shows that the evidence met both steps of the test outlined in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc), and the district court did not err in admitting it.

Although Dunston argues that the district court reversibly erred by refusing to give his requested jury instruction regarding the voluntariness of the statements he made to the DEA agent, the evidence at trial does not reveal that the DEA agents used any coercion to elicit Dunston's statements or that his will was overborne by the circumstances. *See Dickerson v. United States*, 530 U.S. 428, 434 (2000). Dunston has not shown that there was a sufficient evidentiary

basis for his requested voluntariness instruction or that the lack of the voluntariness instruction seriously impaired his ability to present his defense. *See United States v. Reagan*, 596 F.3d 251, 255 (5th Cir. 2010). Thus, he has not shown that the district court erred in refusing to give that instruction.

AFFIRMED.